DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WHG TM CORP., et al., ) | |
| ) | CASE NO. 5:07 CV 3087 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| NITA PATEL, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Before the Court is plaintiffs' motion for an award of damages, attorneys' fees and costs. (Doc. No. 24). For the reasons set forth below, the motion is granted.

### I. Background

Plaintiffs filed this lawsuit on October 9, 2007 alleging a "scheme by Defendants to defraud franchised hotel owners by offering to sell them hotel products purportedly bearing their franchisors' trademarks as well as those of other suppliers and then, after being paid, either not filling orders at all or only partially filling them[ ] [thereby] . . .infring[ing] Plaintiffs' trademarks and engag[ing] in false and deceptive advertising." (Complt., Introduction).

None of the defendants filed any responsive pleading and, on December 5, 2007 and December 20, 2007, the Court entered Default Judgments and Permanent Injunctions against the defendants, Nita Patel, Dena Patel, Patel Properties Management, Patel Properties Association, and Commercial Property Supply.  (Doc. Nos. 19, 23). As part of these default judgments, the Court directed the defendants to cease illegally using plaintiffs' trademarks, to stop committing acts calculated to deceive purchasers into believing the products they were buying were products

(5:07 CV 3087)

authorized by the plaintiffs, to recall and destroy any product, brochure, etc. bearing plaintiffs' name and/or trademark, and to submit within fourteen days an accounting of the profits from their illegal use of plaintiffs' trademarks.  No such accounting has been submitted by any of the defendants.

## II.  Law and Analysis

### A.  Damages

In a case such as this involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect to recover statutory damages instead of actual damages and profits.  15 U.S.C. § 1117(c).  Statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods shall be "(1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or sevices sold, offered for sale, or distributed, as the court considers just."  *Id*.

Plaintiffs have several registered marks, including: Ramada, Travelodge, Super 8 Motel, and Solterre.  The defendants offer the following goods under each of these marks:

| Registered Mark | Defendants' Offending Goods |
| --- | --- |
| Ramada | Toilet soap and matchbooks (2) |
| Travelodge | Toilet soap, hair shampoo, and drinking glasses (3) |
| Super 8 Motel | Toilet soap, memorandum pads, pens, plastic cups, and matchbooks (5) |
| Solterre | Body soap and hair shampoo (2) |

(5:07 CV 3087)

(Doc. No. 24, Exh. 1). Therefore, there are a total of twelve (12) infringing categories of products.

Defendants' business is calculated to deceive consumers into believing that they are purchasing authentic hotel amenities bearing plaintiffs' marks. One need only look at the "Products" link on defendants' internet website[1] to see the deceptive, consistent and willful use of plaintiffs' marks, notwithstanding the default judgments and permanent injunctions against such uses. A copy of the "Products" link is attached as Exhibit A.

Not only have defendants unlawfully used the plaintiffs' marks, Better Business Bureau records of complaints show that they have damaged plaintiffs' business reputation. Defendants, operating under the shroud of authenticity, demand payment from consumers before the goods are shipped. Then defendants fail to deliver the products or deliver only incomplete shipments, while refusing to provide refunds to dissatisfied customers. Consequently, the apparent association between defendants and plaintiffs created by defendants' use of plaintiffs' marks has irreparably harmed plaintiffs' good will and reputation. Defendants' creation of this improper association and sale of goods bearing plaintiffs' marks has been deliberate and willful.

Although the Court ordered defendants to desist using plaintiffs' marks, to take down their website advertising and selling products bearing plaintiffs' marks and to make an accounting of the profits, none of this has been done. Plaintiffs have attempted to correspond with the defendants after the judgments and injunctions were entered, to no avail. The record

---

[1] www.patelpropertiesassociation.com, last checked on February 20, 2008.

(5:07 CV 3087)

also reflects that even delivery of documents by the clerk has been unsuccessful.  *See* Doc. No. 25.[2]

In view of the above, plaintiffs suggest an award of damages of $65,000 per mark per type of goods offered for sale for a total of $780,000.00.  The Court finds this reasonable and hereby awards the amount of $780,000.00 in statutory damages.

**B.  Attorneys' Fees and Costs**

The conduct described herein makes this case exceptional within the meaning of the Lanham Act.  Therefore, plaintiffs are entitled to their attorney fees and costs.  15 U.S.C. § 1117(a).  In addition, defendants' conduct is clearly willful within the meaning of the Ohio Deceptive Trade Practices Act.  O.R.C. § 4165.03(B).  This provides a separate basis for an award of attorney fees.

Attorneys fees may be determined under the lodestar method by multiplying the attorney's reasonable hourly rate by the number of reasonable hours worked.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The hourly rates itemized for the plaintiffs' attorneys are:

| | | |
|---|---|---|
| Michael J. Garvin | Partner | $342.00 |
| Mark A. Watkins | Partner | $346.50 |
| Shannon V. McCue | Associate | $279.00 |
| Elizabeth Tropf | Paralegal | $148.50 |
| Jason Strobel | Law Clerk | $130.00 |
| Susan B. Hersch | Law Librarian | $100.00 |

---

[2] This is a an unexecuted return of service of the summons and complaint on defendant Patel Properties Association.  The envelope is marked "Not deliverable as addressed; unable to forward," even though the address is the very same address that is listed on the defendant's website.

(5:07 CV 3087)

The Court concludes that these are reasonable hourly rates, consistent with the prevailing hourly rates in Cleveland, OH.[3]

Plaintiffs' counsel have itemized the following hours worked:[4]

| Attorney/Paralegal | Hours | Total Fee |
|---|---|---|
| Michael J. Garvin | 29.30 | $10,020.60 |
| Mark A. Watkins | 1.70 | $589.50 |
| Shannon V. McCue | 91.20 | $25,444.80 |
| Elizabeth Tropf | 7.90 | $1,173.15 |
| Jason Strobel | 1.70 | $221.00 |
| Susan B. Hersch | .20 | $20.00 |

Counsel have also itemized their costs in Exhibit 5 to this motion (Doc. No. 24-6). The costs total $1,915.15.

---

[3] *See* Declaration of Michael J. Garvin. Doc. No. 24-4.

[4] *See* Doc. No. 24-5.

(5:07 CV 3087)

### III. CONCLUSION

The Court concludes that plaintiffs have met the test for an award of statutory damages in the amount of $780,000.00 plus attorneys' fees and costs totaling $39,383.75. Accordingly, the Court hereby awards the amount of $819,383.75 in favor of plaintiffs and against the defendants, jointly and severally.

IT IS SO ORDERED.

| | |
|---|---|
| February 21, 2008 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |